United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Spliethoff Bevrachtingskantoor B.V., Plaintiff,<br><br>v.<br><br>United Yacht Transport LLC, Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. 21-61422-Civ-Scola<br>)<br>)<br>) |

### Order Denying Motion to Dismiss

Plaintiff Spliethoff Bevrachtingskantoor B.V. ("Spliethoff") brought this action for a declaratory judgment against Defendant United Yacht Transport LLC ("UYT") alleging violations of Spliethoff's intellectual property rights. (Am. Compl., ECF No. 18.) UYT responded with a motion to dismiss arguing that Spliethoff fails to allege the existence of a "controversy" as required by the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. (Mot., ECF No. 26.) For the reasons below, the Court **denies** UYT's motion. (**ECF No. 26**.)

**1. Background**

Spliethoff and UYT compete at transporting yachts around the world. Both claim the exclusive right to use the mark UNITED YACHT TRANSPORT. (Compl. ¶ 3.) Spliethoff alleges it acquired that mark from Dockwise Shipping, B.V. ("Dockwise") in October 2013, which had used the mark since at least 1993. (Compl. ¶¶ 23, 34-36.) Following the transaction, Spliethoff has identified itself with the mark "UNITED YACHT TRANSPORT" and the name "DYT." (Compl. ¶ 60.)

UYT was formed in July 2013 by principals who apparently attempted to acquire Dockwise unsuccessfully. (Compl. ¶ 39; Demand Letter 2, ECF No. 18-5.) On August 7, 2013, UYT filed an application with the United States Patent and Trademark Office ("USPTO") to register "UNITED YACHT TRANSPORT" as its trademark. (Compl. ¶ 48.) Days later, UYT publicly announced "United Yacht Transport LLC as a premier yacht transportation company based in Fort Lauderdale, Florida that would be providing yacht transportation services from Port Everglades to various foreign ports." (Compl. ¶ 49) (cleaned up).

On August 18, 2013, Dockwise filed a competing application with the USPTO to register the same mark. Two days later, Dockwise sent UYT a cease-and-desist letter demanding that UYT stop using the mark; it sent another to UYT's counsel a month after. (Compl. ¶ 51.) Spliethoff continued disputing

UYT's claim to the mark after its transaction with Dockwise finalized. (Compl. ¶¶ 54, 59.)

In 2014, Spliethoff submitted a letter of protest to UYT's trademark application and filed an opposition to it as well. (Compl. ¶¶ 55-56.) The latter triggered an opposition proceeding before the Trademark Trial and Appeal Board ("TTAB"), which centered on each party's priority of use over the mark. (Compl. ¶¶ 56-58.) At some point, UYT abandoned its trademark application before the USPTO. (Compl. ¶ 61.)

In 2021, the TTAB issued judgment against UYT and in favor of Splietoff as to the mark's usage, and the USPTO issued a trademark registration to Spliethoff for "UNITED YACHT TRANSPORT." (Compl. ¶¶ 62-63; Trademark Registration, ECF No. 18-8.) Thereafter, Spliethoff wrote UYT a cease-and-desist letter demanding that UYT abandon use of the mark. (Demand Letter 3.) Nevertheless, UYT has continued to list itself on the Port Everglades website under the mark "UNITED YACHT TRANSPORT" as a yacht transportation services provider. (Compl. ¶ 64.) This suit follows.

## 2. Legal Standard

To sue for a declaratory judgment, a plaintiff must allege the existence of an actual case or controversy as contemplated in Article III of the United States Constitution. *See MedImmune, Inc. v. Genentech*, Inc., 549 U.S. 118, 126 (2007); *Swiss Brand Ltd., Inc. v. Wenger S.A.*, No. 20-21095-CIV, 2020 WL 7059355, at *5 (S.D. Fla. Dec. 2, 2020) (Moreno, J.); *Ion Audio, LLC v. MUSIC Grp. Servs. US, Inc.*, No. 12-60201-CIV, 2013 WL 1023016, at *1 (S.D. Fla. Mar. 14, 2013) (Scola, J.).

In evaluating the existence of a controversy, courts consider "whether the facts alleged, under all the circumstances, show that there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S. Ct. 764, 771, 166 L. Ed. 2d 604 (2007). Because the inquiry is fact-depdendent, "[n]o bright line rule exists for distinguishing between declaratory-judgment actions that satisfy the case-or-controversy requirement and those that do not." *See Owners Ins. Co. v. Parsons*, 610 F. App'x 895, 898 (11th Cir. 2015) (citing *MedImmune, Inc.*, 193 F.3d at 1347).

## 3. Discussion

UYT argues that Spliethoff fails to establish "a threat of sufficient immediacy and reality" because Spliethoff relies on Dockwise's cease-and-

desist letter of 2013 and the one it sent just prior to filing suit, which are eight years apart. (Reply 3, ECF No. 34.) On the basis of time lapse, UYT seems to suggest that Spliethoff's contentions are moot by advancing that Spliethoff "is attempting to create its own threat of sufficient immediacy and reality." (*Id.*)

The facts indicate otherwise. First, Spliethoff's allegations concerning UYT's continued use of the mark—now registered to Spliethoff—sufficiently establish an actionable injury. The Lanham Act recognizes as follows:

> "Any person who shall, without consent of the registrant . . . use in commerce any reproduction, counterfeit, copy or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services . . . shall be liable in a civil action by the registrant for the remedies hereinafter provided."

15 U.S.C. § 1114(1). In that respect, "[t]here is little difficulty in finding an actual controversy if all of the acts that are alleged to create liability already have occurred." 10B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2757 (4th ed. 2021).

Second, Spliethoff has disputed UYT's use of the mark before the TTAB since 2014. (Compl. ¶¶ 54, 56, 59.) This suit's timing is explained by the TTAB entering judgment on February 2, 2021 and the USPTO registering the mark to Spliethoff on May 25, 2021. (Compl. ¶¶ 62, 63.) To be sure, Spliethoff sent UYT its cease-and-desist letter on June 14, 2021, which instructed UYT to abandon use of the mark no later than June 30, 2021. (Compl. ¶ 66.) In fact, Spliethoff filed this suit on July 12, 2021 after accommodating UYT's request for an extension to reply to the letter. (Compl., ¶¶ 67-68.) Rather than pretextual, the suit's timing simply appears logical. The fact that several years have passed since Spliethoff first disputed UYT's use of the mark is not determinative. *Cf. Swiss Brand Ltd., Inc.*, 2020 WL 7059355 (finding a controversy involving a dispute that lasted over five years and involved no express threat of litigation).

UYT also suggests that no controversy exists because UYT abandoned its trademark application. (Reply 3.) It argues that the cases Spliethoff relies on to defend the existence of a controversy are inapposite because they involve instances where defendants sent cease-and-desist letters (not plaintiffs) and/or involved TTAB proceedings that defendants did not abandon. (*Id.*) The Court is not convinced.

The inquiry does not turn on which party instituted suit in court and which party abandoned TTAB proceedings. It turns on whether a controversy exists in light of "all the circumstances." Spliethoff has pursued its claim for years and

this suit is a mere extension of those efforts. *Cf. HSI IP, Inc. v. Champion Window Mfg. & Supply Co.*, 510 F. Supp. 2d 948, 956 (M.D. Fla. 2007) (finding threat of suit and the filing of a TTAB action sufficient in a similar challenge).

"A court should permit a claim for declaratory judgment to proceed where declaratory relief would (1) serve a useful purpose in clarifying and settling the legal relations in issue, and (2) terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Mt. Hawley Ins. Co. v. Tactic Sec. Enf't, Inc.*, 252 F. Supp. 3d 1307, 1309 (M.D. Fla. 2017) (cleaned up) (quoting *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 594 (4th Cir. 2004)). A declaratory judgment from this Court would serve those exact purposes—whether issued for UYT or Spliethoff. Without one, the parties may well continue to face the uncertainty of the mark's proper usage in light of the status quo.

### 4. Conclusion

Given "all the circumstances," the Court finds that a substantial controversy exists among parties with adverse legal interests, which controversy is real and immediate. Accordingly, the Court **denies** UYT's motion to dismiss. (**ECF No. 26**.) This case will remain open.

**Done and ordered** at Miami, Florida, on April 4, 2022.

Robert N. Scola, Jr.
United States District Judge