**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

SPLIETHOFF                                                                          **CASE NO. 21-cv-61422-RNS**
BEVRACHTINGSKANTOOR B.V.,

     Plaintiff,

vs.

UNITED YACHT TRANSPORT LLC,

     Defendant.

_____/

**REPLY IN SUPPORT OF DEFENDANT**
**UNITED YACHT TRANSPORT LLC'S MOTION TO EXTEND DATES FOR**
**COMPLETION OF DISCOVERY AND TO FILE DISPOSITIVE MOTIONS**

Defendant/Counter-Plaintiff,        UNITED        YACHT        TRANSPORT        LLC

("**Defendant/Counter-Plaintiff**" or "**United Yacht**"), by and through its undersigned counsel and

pursuant to Fed. R. Civ. P. 6(b) and 16(b)(4), hereby files this Reply in Support of its Motion to

Extend Dates for Completion of Discovery and to File Dispositive Motions ("**Motion to Extend**"),

and in support thereof states:

     1.     Defendant requests an additional sixty (60) days to complete discovery (by July 28,

2022) and file dispositive motions (by August 11, 2022).

     2.     District courts have "broad discretion over the management of pre-trial activities,

including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d

1234, 1269 (11th Cir. 2001). Accordingly, "[t]he determination as to whether or not parties should

be held to pretrial orders is a matter for the discretion of district court judges." *Sadowski v.*

*Bombardier Ltd.*, 539 F.2d 615, 621 (7th Cir. 1976) (citation omitted). Indeed, a district court

"clearly has the discretion to extend or modify deadlines within a case management and scheduling order to enlarge the discovery period." *Gadsby v. Am. Golf Corp. of California*, 2012 WL 2368568, at *1 (M.D. Fla. June 21, 2012). Such modifications are permitted under Federal Rule of Civil Procedure 16(b)(4) upon a showing of "good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

3.       Rule 16's "good cause" showing permits modification of a scheduling order where "the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment). This flexible standard is necessary since "the scheduling order is entered early in the litigation . . . . Otherwise, a fear that extensions will not be granted may encourage counsel to request the longest possible periods for completing pleading, joinder, and discovery." Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment; *see also De Varona v. Disc. Auto Parts, LLC*, 285 F.R.D. 671, 672-73 (S.D. Fla. 2012) ("In short, diligence is the key to satisfying the good cause requirement.") (citation omitted).

4.       Here, fact discovery could not be completed prior to May 29, 2022 because Plaintiff/Counter-Defendant  SPLIETHOFF BEVRACHTINGSKANTOOR B.V. ("**Spliethoff**") had not yet responded to United Yacht's Counterclaim. Moreover, discovery in the TTAB proceedings did not include Spliethoff's present allegations of trademark infringement or United Yacht's counterclaim for cancellation of Spliethoff's trademark registration.

5.       United Yacht was under the belief, based on emails exchanged between counsel, that Spliethoff was agreeable to and/or would not object to a sixty (60) day extension for discovery and the filing of dispositive motions.

2

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L.• CITIGROUP CENTER, 27TH FLOOR, 201 SO. BISCAYNE BLVD., MIAMI, FL 33131• 305.379.9000

6.      Additionally, United Yacht is not seeking a delay of the trial and granting a sixty (60) days extension for discovery and the dispositive motion deadline would not result in any prejudice to Spliethoff.

7.      As of the date that counsel filed the Motion to Extend, Spliethoff had not answered United Yacht's counterclaim or asserted any of its affirmative defenses. On June 3, 2022, *after* the Motion to Extend was filed, Spliethoff answered United Yacht's counterclaim and asserted four affirmative defenses ("**Answer**"). Because Spliethoff filed its Answer *after* the discovery deadline had already passed, United Yacht was unable to complete fact discovery related to any issues raised in its Answer.

8.      Specifically, Spliethoff responded that it is without knowledge as to certain facts central to a determination of the claims in the present case, including its alleged predecessor's name change and previous federal trademark registration; cancellation of that registration; and the 2011 negotiations to sell Dockwise Yacht Transport which led to the painting of the "United Yacht Transport" on the side of certain vessels for the purpose of the sale, which Spliethoff now asserts as a basis for its rights in the United Yacht Transport mark. Yacht intends to seek discovery relating to its apparent lack of knowledge of these issues. (*See*, Spliethoff's Answer, ¶¶15, 16, 17, 18, 26). United Yacht also intends to pursue the basis of Spliethoff's second and third affirmative defenses for estoppel by laches and waiver.

9.      Additionally, contrary to Spliethoff's representations in its Opposition to United Yacht's Motion to Extend, it was *Spliethoff that requested further discovery in the TTAB proceeding*. Specifically, Spliethoff sought to take the depositions of four individuals, a Rule 30(b)(6) deposition of United Yacht, and additional fact witness depositions concerning United Yacht's knowledge about prior use of the contested mark. Those depositions were never taken. In

3

Kluger, Kaplan, Silverman, Katzen & Levine, P.L.• citigroup center, 27th Floor, 201 So. Biscayne Blvd., Miami, FL 33131• 305.379.9000

additional, many of the witnesses listed in Spliethoff's initial disclosures were never deposed in the TTAB proceedings.

10.     In mid-April 2022, at the same time that the parties jointly requested that the Court extend the date for mediation, counsel for the parties discussed agreeing to move the discovery deadline and all other dates back 60 days. Counsel for Spliethoff indicated that she would likely agree to push the dates back 60 days, stating that "[w]e may need to ask the Court for an extension on all deadlines (by a separate motion) but that requires some additional consideration and look at the calendar." Undersigned counsel followed up with opposing counsel several times, and after receiving no response, learned for the first time on May 30, 2022 that Spliethoff would **not agree** to any extension of the discovery cutoff or dispositive motion deadline because  Spliethoff "does not want a delay in the current trial setting . . . ."

11.     In a similar situation, where defendant's counsel sought to extend the expert discovery cutoff, the court found that defendant demonstrated good cause to extend the expert discovery cutoff date where "the parties' counsel discussed jointly extending the expert discovery cutoff on at least two occasions" and the record showed that "Defendant waited to file this motion [to extend the expert discovery cutoff] due to Defendant's belief that Plaintiff would not oppose the motion." *Alarm Grid, Inc. v. Alarm Club.com, Inc.*, No. 17-80305-CV, 2018 WL 679490, at *4 (S.D. Fla. Feb. 2, 2018).

12.     In the instant case, counsel for both United Yacht and Spliethoff discussed extending all deadlines by 60 days, and United Yacht was under the good faith belief that Spliethoff would join in (or not oppose) the request.  Counsel have mutually cooperated in every request up until this moment. United Yacht has demonstrated good cause for a 60-day extension of the discovery and dispositive motion deadlines for this additional reason.

KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L.• CITIGROUP CENTER, 27TH FLOOR, 201 SO. BISCAYNE BLVD., MIAMI, FL 33131• 305.379.9000

13.      In the Joint Interim Status Report (D.E. 35), the parties advised the Court that any discovery should be deferred until the pleadings were closed, and that since the pleadings were still open, the parties were uncertain about whether any additional discovery could reasonably be completed by the May 29, 2022 deadline. Spliethoff's suggestion that United Yacht's request for an extension is completely unwarranted, is disingenuous given its prior discussions.

14.      Finally, United Yacht is *not seeking to delay the trial*. Like Spliethoff, United Yacht looks forward to the prompt resolution of this matter. Spliethoff is unable to show any prejudice that would result if the Court were to grant United Yacht's Motion to Extend. Further, extending the discovery and dispositive motion deadlines could lead to a more efficient resolution of this case, short of a trial, because this case could resolve at the summary judgment stage, if the parties are able to develop a full record and conclude the discovery process.

**WHEREFORE,** Defendant/Counter-Plaintiff, UNITED YACHT TRANSPORT LLC respectfully requests that this Court grant its Motion to Extend Dates for Completion of Discovery until July 28, 2022 and until August 11, 2022 to File Dispositive Motions, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L.**
*Counsel for United Yacht Transport LLC*
Citigroup Center, 27th Floor
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 379-9000
By: /s/ *Terri Meyers*
_____
**Terri Meyers, Esq.**
Fla. Bar. No. 881279
tmeyers@klugerkaplan.com
**Marko F. Cerenko, Esq.**
Fla. Bar No. 21501
mcerenko@klugerkaplan.com