UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 0:21-cv-61422 SCOLA/GOODMAN

SPLIETHOFF
BEVRACHTINGSKANTOOR B.V.,

    Plaintiff,

v.

UNITED YACHT TRANSPORT LLC,

    Defendant.

_____/

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO EXTEND**
**FACT DISCOVERY AND DISPOSITIVE MOTION DEADLINES**

On May 31, 2022, Defendant United Yacht Transport LLC filed a motion seeking to extend both the May 29, 2022 fact discovery deadline and the June 12, 2022 dispositive motion deadline by sixty days. [ECF No. 52]. Plaintiff Spliethoff Bevrachtingskantoor B.V. filed a response [ECF No. 56] and Defendant filed a reply [ECF No. 63]. United States District Court Judge Robert N. Scola referred to the Undersigned the motion "to be heard and determined, consistent with 28 U.S.C. § 636(b)(1)(A)," [ECF No. 69], which means it is intended that the Undersigned enter an Order (as opposed to a Report and Recommendations) on Defendant's motion. For the reasons discussed below, the Undersigned **grants in part** Defendant's Motion to Extend the Fact Discovery and

Dispositive Motion Deadlines.

Defendant argues that an extension is necessary because, when it filed the initial motion on May 31, 2022, the pleadings had not closed, and it was "uncertain . . . as to whether additional discovery [would be] needed." [ECF No. 52]. Specifically, the pleadings remained open because Plaintiff's Answer to Defendant's Counterclaim was not due until June 3, 2022. *Id.* In Plaintiff's response, it contends that Defendant had years to conduct all necessary discovery in an earlier Trademark Trial and Appeal Board (TTAB) proceeding and months to take discovery in the instant proceeding, which is more than enough time for Defendant to have obtained all discovery it may need. [ECF No. 56]. Defendant identifies in its Reply the specific discovery it seeks related to Plaintiff's Answer to its Counterclaims and alleges that Plaintiff cannot establish any prejudice resulting from the extension. [ECF No. 63].

Although Defendant's request has merit, there are multiple facts which militate against granting its request in full.

To begin, Defendant did not file its motion until *after* the fact discovery deadline closed. *Heller Bros. Packing Corp. v. Illinois Union Ins. Co.*, No. 618CV1668ORL78DCI, 2020 WL 6270890, at *1 (M.D. Fla. Sept. 8, 2020) ("If a motion for extension is filed before the scheduling order deadline expires, the court may grant it for good cause. Fed. R. Civ. P. 6(b)(1)(A), 16(b)(4). But any motion filed after the deadline for compliance must satisfy the excusable neglect standard. Fed. R. Civ. P. 6(b)(1)(B).").

Defendant was on notice when it filed its counterclaim on May 4, 2022, that Plaintiff's Answer would not be due until June 3, 2022. Yet, rather than address the issue in a timely manner, Defendant waited until *after* the deadline expired to file its motion.

Further, Defendant's initial motion contains only a vague contention that additional discovery *might* be needed, which it argues justifies a two-month extension. While the Undersigned understands that Defendant had not yet received Plaintiff's Answer to its Counterclaim -- and after receiving the Answer it identified with particularity in its Reply the paragraphs in the Answer for which it now says it needs to conduct additional discovery -- that only makes the timing of the filing more perplexing. Defendant chose to neither file a timely motion nor wait until it knew exactly what discovery would be needed. Rather, Defendant filed the motion after fact discovery closed and before it had all the necessary information.

Finally, although Defendant claims that "[Plaintiff] is unable to show any prejudice that would result if the Court were to grant [its] Motion to Extend," it ignores that prejudice that would impact the *Court*. Defendant argues that it is not seeking an extension of the trial date. Thus, if the Undersigned were to grant Defendant's request in full, then the dispositive motion date deadline would be August 11, 2022, less than three months before the trial date. Then, if the full briefing schedule were used, this would leave the Court with less than two months to adjudicate any dispositive motions before trial. In other words, the Court would have significantly less time than it anticipated to

3

resolve summary judgment motions.

During that same two-month period, the Court would also be required to adjudicate any pretrial motions, including motions in limine and *Daubert* motions -- matters which might require evidentiary hearings. At bottom, Defendant's full requested extension would place a substantial burden on the Court. This burden could have been reduced had Defendant been more diligent in pursuing its requested relief.

Accordingly, the Undersigned **grants in part** Defendant's Motion to Extend the Fact Discovery and Dispositive Motion Deadlines. The parties shall have until June 30, 2022 to complete fact discovery and until July 14, 2022 to file dispositive motions.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on June 14, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola
All counsel of record