**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO. 0:21-cv-61422-SCOLA/GOODMAN**

SPLIETHOFF
BEVRACHTINGSKANTOOR B.V.,

     Plaintiff,

v.

UNITED YACHT TRANSPORT LLC,

     Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND ITS**
**<u>FOURTH AFFIRMATIVE DEFENSE TO DEFENDANT'S COUNTERCLAIM</u>**

Plaintiff Spliethoff Bevrachtingskantoor B.V. filed a motion seeking to amend the title of its Fourth Affirmative Defense to Defendant's Counterclaim. [ECF No. 86]. Defendant United Yacht Transport LLC filed an opposition response [ECF No. 91] and Plaintiff filed a reply [ECF No. 100]. United States District Court Judge Robert N. Scola referred to the Undersigned the motion "to be heard and determined, consistent with 28 U.S.C. § 636(b)(1)(A)," [ECF No. 87], which means it is intended that the Undersigned enter an Order (as opposed to a Report and Recommendations) on Plaintiff's motion.

For the reasons discussed below, the Undersigned **grants** Plaintiff's request to amend its fourth affirmative defense.

Plaintiff is seeking to amend its fourth affirmative defense outside of the twenty-one-day window during which it would be entitled to amend as a matter of right. Although the decision on whether to permit an amendment outside this window remains within the sound discretion of the trial court, "leave to amend shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962) (citing Fed. R. Civ. P. 15(a)(2)) (internal quotations omitted). Leave to amend should be denied only when amendment would be prejudicial to the opposing party, there has been undue delay in seeking amendment, or the amendment would be futile. *Id.*; *see also Maynard v. Bd. of Regents of Div. of Universities of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003) ("[A] motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." (internal quotations omitted)).

Plaintiff's Fourth Affirmative Defense currently reads as follows:

FOURTH AFFIRMATIVE DEFENSE – COLLATERAL ESTOPPEL

Counter-plaintiff UYT's claim fails under the doctrine of collateral estoppel. UYT is precluded from re-litigating the issues of prior use and alleged abandonment in this case based on the judgment entered against it by the TTAB in Opposition No. 91219179 following UYT's failure to comply with the TTAB's orders. Absent UYT's own obstructive behavior in the TTAB proceeding, the issues that UYT now seeks to re-litigate in this district court could and should have been decided by the TTAB.

[ECF No. 55]. Plaintiff's motion seeks leave of court to amend the title of the affirmative defense from Collateral Estoppel to *Res Judicata*. [ECF No. 86].

2

To begin, Plaintiff did not unduly delay its request for relief. A little more than a month after filing its Answer and Affirmative Defenses, Plaintiff noticed the misnomer while preparing for a hearing and promptly sought relief. *Id.* Although Defendant's response dedicates a paragraph to the law surrounding undue delay, it offers no argument on *why* Plaintiff's actions constitute undue delay. Thus, there is no basis to deny leave based on undue delay.

Defendant argues that it will be prejudiced if leave to amend is granted. In support of this contention, Defendant states only that "[w]hile Plaintiff attempts to portray the amendment as merely a title change, it is adding an entirely new affirmative defense, which will cause prejudice to Defendant at this time, given the due date for filing dispositive motions is July 25, 2022" and "the effect of the request amendment in terms of the present dispositive motion cutoff is real, and will cause prejudice to Defendant." [ECF No. 91]. Other than this circular reasoning, Defendant offers no additional argument on the prejudice factor.

In contrast, Plaintiff explains in detail why its proposed amendment does not prejudice Defendant. First, the proposed amended title matches the body of the affirmative defense because, unlike collateral estoppel (which seeks only to prevent relitigating already adjudicated claims), *res judicata* seeks to prohibit the opposing party from relitigating claims which could and should have been decided in an earlier proceeding. *See* [ECF No. 55 ("Absent UYT's own obstructive behavior in the TTAB

proceeding, the issues that UYT now seeks to re-litigate in this district court *could and should* have been decided by the TTAB." (emphasis supplied))].

Additionally, Plaintiff notes that it raised the affirmative defense in its earlier- filed summary judgment motion, which means Defendant has been aware of Plaintiff's intent since at least that motion was filed. *Grant v. Preferred Rsch., Inc.*, 885 F.2d 795, 797 (11th Cir. 1989) ("[I]f a plaintiff receives notice of an affirmative defense by some means other than pleadings, 'the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice.'" (quoting *Hassan v. U.S. Postal Service*, 842 F.2d 260, 263 (11th Cir. 1988)). Defendant makes no effort to respond to this argument in his response. *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) ("'[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed.'" (quoting *Kramer v. Gwinnett Cnty., Ga.*, 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004))).

Accordingly, the Undersigned finds that the marginal prejudice Defendant might suffer -- if any -- is insufficient to justify denying Plaintiff's request for leave to amend.

As alternative relief, Defendant requests that the Court grant it a one-week extension to the dispositive motion deadline if Plaintiff's request is granted. Judge Scola recently granted both parties an extension until August 26, 2022 to file their respective responses to the opposing party's summary judgment motion. [ECF No. 103]. Because Plaintiff already raised *res judicata* in its summary judgment motion [ECF No. 93, p. 2],

the Undersigned finds that the already-extended deadline is sufficient for Defendant to respond to a *res judicata* argument, and no additional extension is necessary.

Accordingly, the Undersigned **grants** Plaintiff's request to amend its fourth affirmative defense. Plaintiff shall separately file as a new submission its Amended Answer and Affirmative Defenses [ECF No. 86-1] by August 11, 2022.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on August 10, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola
All counsel of record