United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Spliethoff Bevrachtingskantoor B.V., Plaintiff, | )<br>)<br>) |
| v. | )<br>) Civil Action No. 21-61422-Civ-Scola<br>) |
| United Yacht Transport LLC, Defendant. | )<br>) |

## Order Denying Motion to Amend

This matter is before the Court upon United Yacht Transport LLC's ("UYT") motion for leave to amend its counterclaim (Mot., ECF No. 122), which has been fully briefed. (ECF Nos. 122, 135, 137.) After careful consideration, the Court **denies** the motion. (**ECF No. 122**.)

Before filing this motion, UYT moved the Court for summary judgment on its counterclaim to cancel Plaintiff Spliethoff Bevrachtingskantoor B.V.'s ("Spliethoff") U.S. Trademark Registration No. 6,358,639. In that motion, UYT argued for cancellation on the basis that Spliethoff's application for the trademark's registration defrauded the U.S.P.T.O. twice—once in 2013 and once more in 2021. However, UYT did not plead these fraud theories in its countercomplaint, and it is well-settled that parties may not assert unpled theories for relief on summary judgment. *See, e.g., Cruz v. Advance Stores Co., Inc.*, 842 F. Supp. 2d 1356, 1360 (S.D. Fla. 2012) (Zloch, J.). To cure its pleading defect, UYT filed the instant motion for leave to retroactively include its fraud theories in its countercomplaint.

Federal Rule of Civil Procedure 15 gives the Court ample discretion in ruling on a motion for leave to amend a pleading. "Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000) (cleaned up). Spliethoff argues that the Court should deny the motion because the amendment would be futile.

The Court agrees. A proposed amendment is futile when the claim, as amended, would still properly be dismissed. *See Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010). UYT points to no record evidence that suggests Spliethoff acted deceitfully either in 2013 or in 2021.

Concerning 2013, UYT purports to argue that Spliethoff's predecessor-in-interest—Dockwise Yacht Transport LLC ("Dockwise LLC")—fraudulently

applied for a use-based trademark registration while not actually using the mark in commerce. That theory would fail as a matter of law. It is undisputed that from 2012 to 2013, two of Dockwise LLC's vessels bore the mark as they transported yachts to and from ports around the world while generating millions in doing so. (ECF No. 94 ¶¶ 63-64; ECF No. 112 ¶¶ 63-64.) This, by statutory definition, constitutes "use in commerce." 15 U.S.C. § 1127.

Next, UYT's 2021 fraud theory is based on its reading of 37 C.F.R. § 2.56(a), which requires applications for trademark registrations to include a specimen of the relevant "mark as actually used in commerce on or in connection with the goods or services identified."[1] UYT reads this provision to mean that "Spliethoff was required to show the Mark as 'actually used,' not as it had been used seven years prior." (ECF No. 137 at 3.)

To understand UYT's position it is important to appreciate the dynamics at play here. Spliethoff and UYT both claim the exclusive right to use the mark UNITED YACHT TRANSPORT. Spliethoff's predecessor-in-interest filed a use-based application before the U.S.P.T.O. to register that mark in 2013, but so did UYT. The U.S.P.T.O. suspended the application filed by Spliethoff's predecessor when its predecessor initiated an opposition proceeding against UYT's competing application. Spliethoff took over that opposition proceeding and won in 2021, thereby successfully blocking UYT's application. Soon after, Spliethoff asked the U.S.P.T.O. to un-suspend and adjudicate the application originally filed by its predecessor but left appended to it a photograph of the mark painted on its vessel's sidewall that Spliethoff's predecessor attached to the application in 2013 to show the mark's use in commerce. But Spliethoff removed the mark from the vessel in 2014. Thus, says UYT, Spliethoff committed fraud by not removing the photograph from the application in 2021.

UYT purports to rest on the current record to prove this fraud theory (*see* Mot. 4), and the parties have already briefed it merits (*see* Def.'s MSJ 7-8, ECF No. 97; Pl.'s Resp. 15-21, ECF No. 111), but the Court readily holds that allowing the amendment would be a futile exercise. Proving fraud "requires a purpose or intent to deceive the PTO in the application for the mark" to be established by clear and convincing evidence. *See Sovereign Military v. Florida Priory of Knights,* 702 F.3d 1279, 1289 (11th Cir. 2012).

UYT points to no record evidence to indicate that that Spliethoff acted deceitfully. It only proffers its interpretation of regulations and a U.S.P.T.O

---

[1] Similarly, 37 C.F.R. § 2.56(b)(2) requires the specimen of a service mark to "show the mark as used in the sale of the services, including use in the performance or rendering of the services, or in the advertising of the services."

form submitted in 2021, but argument alone cannot reasonably establish that Spliethoff acted with an intent to deceive by clear and convincing evidence.

The regulation governing use-based trademark applications requires that a mark be in use "as of the application filing date." 37 C.F.R. § 2.34(a)(1). For such registrations, an applicant *may* substitute the specimen accompanying his application if he also submits "a verified statement that the substitute specimen was in use in commerce at least as early *as the filing date of the application.*" *Id.* at § 2.59(a) (emphasis added). Additionally, the 2021 form that Spliethoff submitted to the U.S.P.T.O. required it to certify that: "the mark is in use in commerce and was in use in commerce *as of the application filing date.*" (ECF No. 122-2 at 18 (emphasis added).) It also required Spliethoff to certify that the "originally submitted [specimens] was/were in use at least *as early as the filing date of the application*[.]" (*Id.* at 19 (emphasis added).)

The application filing date here is August 18, 2013. (ECF No. 64-13.) And filing dates are assigned to applications by the U.S.P.T.O.—not an applicant. *See* Trademark Manual of Examining Procedure §§ 201, 202.

Thus, even assuming that UYT's reading of Section 2.56(a) is reasonable (i.e., requiring a specimen to reflect a mark's present use), it would be equally reasonable to read the regulations and form to only require applicants to ensure an application's representations *as of the filing date*. That is, indeed, what Spliethoff suggests. (ECF No. 135 at 6.) Against this backdrop, the Court concludes that Spliethoff may have reasonably understood it was not required to substitute its application to reflect a specimen reflecting mark's use in 2021.

Competing reasonable interpretations of guidelines, without more, cannot amount to clear and convincing evidence of an intent to deceive. UYT's 2021 fraud theory would fail on summary judgment and is thus futile.

UYT's motion (**ECF No. 122**) is **denied**.

**Done and ordered** at Miami, Florida, on November 17, 2022.

_____
Robert N. Scola, Jr.
United States District Judge